1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    UNITED STATES OF AMERICA,            No. CIV S-06-0637-DFL-CMK

12              Plaintiff,

13         vs.                            <u>FINDINGS AND RECOMMENDATIONS</u>

14    TREVOR DEAN ADAMS, et al.,

15              Defendants.

16    _____/

17              Pending before the court is plaintiff's motion for entry of default judgment (Doc.

18    15), filed on December 7, 2006.

19              The defendants to this action – Trevor Dean Adams and Shannon Doreen Adams,

20    husband and wife – are plaintiffs in <u>Adams v. United States</u>, No. CIV S-04-0979-DFL-CMK, in

21    which defendants allege, among other things, that the United States did not maintain accurate

22    files concerning their farm loans.  Defendants are also debtors in a Chapter 7 bankruptcy

23    proceeding.  In the context of defendants' civil action, plaintiff herein filed a counterclaim

24    alleging default on the loans.  Plaintiff herein also filed an adversary proceeding in the context of

25    the bankruptcy case, also alleging default on the loans and seeking an order denying defendants a

26    discharge on the loan indebtedness.  On August 21, 2006, this court withdrew the reference to

1

1   the bankruptcy court of plaintiff's adversary proceeding, which now proceeds separately as this

2   action, and which has been related to Adams v. United States, No. CIV S-04-0979-DFL-CMK.

3           On September 15, 2006, the parties filed a joint status report.  That document was

4   signed by Ana Maria Martel, Esq., on behalf of plaintiff, and by Dennis K. Cowen, Esq., on

5   behalf of defendants.  In the joint status report, the parties stipulated that plaintiff would file an

6   amended complaint by October 1, 2006, and that defendants would file an answer by November

7   1, 2006.  Plaintiff filed the amended complaint on September 18, 2006.   As of December 1,

8   2006, defendants had not filed an answer or otherwise entered a general appearance in the action

9   and, on the same day, the Clerk of the Court entered defendants' default pursuant to plaintiff's

10  application.  Both plaintiff's request for entry of default and the Clerk's entry of default were

11  served on counsel for defendants, as well as John W. Reger, the trustee in defendants'

12  bankruptcy case.  To date, defendants have not responded to plaintiff's motion or otherwise

13  appeared in the action.

14          Under Federal Rule of Civil Procedure 55(b), default judgment may be entered by

15  the Clerk of the Court where the defendants have been defaulted for failure to appear and where

16  plaintiff's claim is for an amount certain.  In all other cases, default judgment may only be

17  entered upon application to a judge of the court.  See Fed. R. Civ. P. 55(b)(2).  In this case,

18  plaintiff states that default was entered based on defendants' failure to appear.  Plaintiff also

19  seeks an amount certain or which can by calculation be made certain.  See Fed. R. Civ. P.

20  55(b)(1).  In particular, the amount owed by defendants on the disputed loans, including accrued

21  interest, can be calculated with certainty, as can contractual attorneys' fees and costs.  However,

22  plaintiff also seeks by way of default judgment an order denying defendants a discharge of the

23  loan indebtedness in the context of their bankruptcy case.  Because plaintiff seeks more than

24  simply a judgment on the amount of the loan indebtedness, along with fees and costs, the court

25  finds that plaintiff's request for default judgment is proper under Rule 55(b)(2), which requires

26  application to the court.

1    Having considered plaintiff's motion and supporting declaration, and in light of

2    the procedural history outlined above, the court finds that entry of default judgment against

3    defendants is appropriate.  Accordingly, the undersigned recommends that:

4              1.    Plaintiff's motion for entry of default judgment be granted;

5              2.    Plaintiff be required to submit a declaration as to the total amount owed by

6    defendants on all loans referenced in the amended complaint, such amount to include any and all

7    interest accrued through the date of filing of the declaration;

8              3.    Plaintiff also be required to submit a declaration as to the total amount of

9    contractual attorneys' fees sought, as well as a bill of costs; and

10             4.    Plaintiff be required to submit a proposed judgment setting forth:

11                        a.    The amount owed on the loans, plus interest;

12                        b.    The amount requested in fees and costs; and

13                        c.    The non-dischargability in defendants' bankruptcy case of
                                the loan indebtedness

14

15   These findings and recommendations are submitted to the United States District

16   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

17   after being served with these findings and recommendations, any party may file written

18   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

19   Findings and Recommendations."  Failure to file objections within the specified time may waive

20   the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21

22   DATED:  January 10, 2007.

23

24                                        _____
                                          CRAIG M. KELLISON
25                                        UNITED STATES MAGISTRATE JUDGE

26

3